This appeal is brought by Defendant-Appellant, Aaron Schafer, from a judgment of the Court of Common Pleas of Shelby County finding Appellant to be a sexual predator according to the criteria set forth in R.C. 2950.09. For the following reasons, we affirm the judgment of the trial court.
The record demonstrates that on July 20, 1995, a complaint was filed against Appellant, then seventeen, in the Juvenile Division of the trial court for two counts of rape for sexual acts committed on his four-year-old half-brother in October, 1994. Although this was Appellant's first offense, the State of Ohio filed a motion requesting the court to transfer jurisdiction to the general division of the common pleas court so that Appellant could be tried as an adult. After hearing extensive evidence on the issue of whether Appellant would be amenable to the juvenile system, the Juvenile Division granted the prosecution's motion and transferred jurisdiction of the matter on December 22, 1995. Consequently, on January 25, 1996, the Shelby County Grand Jury indicted Appellant for two counts of rape in violation of R.C.2907.02(A)(1)(c).
Appellant initially pled not guilty to the charges. However, on July 3, 1996, in accordance with plea negotiations, the state agreed to amend the indictment from rape to two counts of sexual battery, a violation of R.C. 2907.03, in exchange for Appellant's guilty plea. The amended charges were classified as third degree felonies. The trial court accepted Appellant's guilty plea and, following a presentence investigation, the court sentenced Appellant to two years on each charge with the terms ordered to run consecutively.
Thereafter, while Appellant was serving his sentence, the Ohio Department of Rehabilitation and Corrections recommended that the court adjudicate Appellant a sexual predator under R.C.2950.09; the court conducted a hearing on the matter on January 29, 1999. The only evidence presented was the presentence investigation report previously filed with the court and a professional statement made by Appellant's attorney informing the court that Appellant had attended and completed a program for sexual counseling. Based upon this information, the court entered judgment on February 9, 1999, finding Appellant to be a sexual predator and ordering him to comply with the reporting requirements set forth in R.C. 2950.03. The instant appeal followed.
 Assignment of Error I The trial court erred to the prejudice of the Appellant by relying on psychological reports that were more than three years old.
Appellant argues that he was prejudiced by the trial court's reliance on the psychological reports contained in the presentence investigation packet that was previously filed with the court for the purpose of determining Appellant's amenability to the juvenile system. Although Appellant argues that defense counsel was not provided an opportunity to review the report or cross-examine its makers, the record does not support this contention. The transcript from the January 29, 1999 hearing indicates that defense counsel did not object in any way to the court's use of the packet, nor did Appellant's attorney inform the court that he was not aware of the packet's existence. Thus, any argument on this point has not been properly preserved for appeal.
In any event, we find that the court did not err in relying on the statements of two licensed psychologists who interviewed Appellant prior to the juvenile court's transfer of jurisdiction. Although the reports are approximately three years old, they contain compelling evidence that Appellant's tendencies toward sexually strange thoughts or behavior would not change within a short period of time. Dr. Bobbie Hopes, a psychologist with the Forensic Psychiatry Center for Western Ohio, reported that Appellant would be a continuing danger to the community well into his adult years and that the prognosis for his behavioral problems was poor. Dr. Fred M. Sacks also concluded that Appellant would need extensive, long-term therapy to deal with these issues.
The only evidence presented to rebut what was contained in these reports was defense counsel's statement that Appellant had attended sex counseling sessions prior to his incarceration and, while in prison, Appellant completed a program on sex offender risk reduction. However, there was no evidence tending to show how long or intensive these sessions were and, more significantly, the defense failed to present any evidence tending to show whether the counseling was likely to have modified Appellant's personality.
Thus, since the evidence before the court demonstrated that Appellant's thoughts and tendencies toward strange sexual behavior would not be alleviated within a relatively short period of time, we cannot conclude that the trial court erred in relying on three-year-old psychological reports.
 Assignment of Error II The trial court erred to the prejudice of the Appellant by using the Appellant's IQ score as a factor to determine the Appellant is likely to commit future sexually oriented offenses.
R.C. 2950.01(E) defines a sexual predator as:
 [A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09(B)(2) sets forth the factors that a trial court should consider when deciding an offender's status as a sexual predator:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense * * *;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 (j)Any additional behavioral characteristics that contribute to the offender's conduct. [Emphasis added.]
The transcript from the January 29, 1999 hearing illustrates that the trial court took several different factors into consideration in making its finding that Appellant is a sexual predator, including the offender's intelligence, as evidenced by high scores on various IQ tests taken over the last few years. Appellant maintains that taking his intelligence into account was erroneous because there is no evidence tending to show that such a characteristic would make future sexual crimes more likely. This court is not persuaded.
Initially, we must point out that the plain language of the statute provides that the list of factors contained in R.C.2950.09(B)(2) is certainly not exhaustive. Thus, a trial court is free to consider any other relevant factors. While it is true that there was no evidence before the court indicating that those offenders who perform well on intelligence tests are generally more likely to commit future sexually oriented offenses, the evidence included in the presentence investigation report strongly indicates that intelligence played a significant role in this particular offender's actions. Indeed, a common thread running throughout the extensive presentence investigation packet was Appellant's superb ability to manipulate, lie and charm others into believing him and/or doing what he asked. Thus, the trial court did not err in considering Appellant's intellectual capacity in this respect.
Appellant's second assignment of error is overruled.
 Assignment of Error III The trial court's ruling that the Appellant is a sexual predator under R.C. 2950.09 is error as the determination was against the manifest weight of clear and convincing evidence.
R.C. 2950.09(C)(2) provides that a trial court's finding that an offender is a sexual predator should be supported by clear and convincing evidence. Clear and convincing evidence is defined as:
 [T]hat measure or degree of proof which is more than a mere `preponderance of the evidence', but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v.Ledford (1954), 161 Ohio St. 469. In reviewing a decision purportedly founded upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy this degree of proof.Schiebel, 55 Ohio St.3d 71at 74.
Again, R.C. 2950.01(E), defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In the instant matter, Appellant does not argue that the evidence is insufficient to show that he pled guilty to committing a sexually oriented offense. Rather, Appellant argues that the evidence did not demonstrate, by the requisite clear and convincing standard, that he was likely to engage in these types of offenses in the future. We disagree.
In the presentence investigation report, Dr. Bobbie Hopes stated that Appellant exhibited a personality type that was often associated with an obsession with sexual thoughts and antisocial sexual acts. Dr. Hopes also stated that in her professional opinion, Appellant would be a continuing danger to his community and the prognosis for treatment was very poor. In addition, Dr. Fred M. Sacks also stated that Appellant's personality type was associated with strange sexual thoughts and that Appellant was unlikely to commit to the kind of intensive therapy that he needed to control such thoughts. Further, Vickie Killian, a counselor who had previously worked with Appellant, characterized him as "very dangerous"; she stated that she could picture him committing "date rape" in the future.
We must also note that although Appellant was charged with and ultimately convicted of only two sexually oriented offenses, the presentence investigation packet contains a handwritten letter from Appellant wherein he admits to numerous acts of molestation on the four-year-old victim. Appellant also admits that he attempted to molest his eight-year-old half-brother, but abandoned those attempts once it became obvious that the boy would not perform the requested acts.
In the face of the foregoing, the only evidence presented by Appellant to rebut the obvious inferences taken from these statements was a professional statement by his attorney that Appellant attended sexual counseling sessions prior to his incarceration and while in prison, Appellant has completed a program on sex offender risk reduction. Although relevant, this statement did not provide the court with any information regarding Appellant's progress or the impact that the counseling had. Therefore, our review of the record leads us to conclude that the trial court's determination regarding Appellant's status as a sexual predator is supported by clear and convincing evidence.
Appellant's third assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
HADLEY and SHAW, JJ., concur.